T.C. Summary Opinion 2003-22

UNITED STATES TAX COURT

NORMAN J. SUTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11492-00S.          Filed March 18, 2003.

Norman J. Suter, pro se.

<u>Jeanne Gramling</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $6,752 and $675 for the taxable years 1997 and 1998. The issue for decision is whether petitioner is entitled to disallowed deductions claimed as business supplies expense.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Matthews, North Carolina, on the date the petition was filed in this case.

During the years in issue, petitioner worked as an independent contractor for Imperial Construction, Inc., and was paid commissions for the jobs he completed. He filed a Schedule C, Profit or Loss From Business, in each year in issue, claiming deductions for supplies expense of $26,250 in 1997 and $3,588 in 1998. In the statutory notice of deficiency, respondent disallowed $19,441 and $2,655 of these deductions, respectively.

A taxpayer may deduct the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a). A taxpayer, however, generally must keep records sufficient to establish the amounts of the items

---

[1]The remaining adjustments in the statutory notice of deficiency are computational and will be resolved by the Court's holding on the issue in this case.

reported on his Federal income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Petitioner testified that his tax return preparer may have erroneously characterized certain expenses, primarily related to advertising, causing otherwise deductible expenses to be listed on the return under the category of "supplies".  However, petitioner was unable to provide any substantiation of either the disallowed portion of the supplies expense or of any other business expenses incurred but unclaimed on the returns.  Because petitioner has failed to provide any credible evidence regarding the existence or amount of any such expenses, petitioner bears the burden of proving respondent's determination in the notice of deficiency to be error.  Sec. 7491(a)(1); Rule 142(a).  Because petitioner has failed to substantiate the expenses, we sustain respondent's disallowance of the deductions therefor.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.